**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

| | | |
|---|---|---|
| LOUISE CHRISTOPHE, an individual, | : | [__ Civ. ____ (___)(___)] |
| Plaintiff, | : | |
| v. | : | |
| WALMART, INC. a/k/a WAL-MART STORES EAST, LP | : | |
| Defendant. | : | |

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

## COMPLAINT & DEMAND FOR JURY TRIAL

LOUISE CHRISTOPHE (herein referred to as "Plaintiff" or "CHRISTOPHE") by and through her undersigned counsel, hereby sues Defendant, WALMART, INC. a/k/a WAL-MART STORES EAST, LP, (herein referred to as "Defendant"), alleges and states as follows:

### PRELIMINARY STATEMENT

1.      This action is brought on behalf of the Plaintiff regarding disability discrimination under the Americans with Disabilities Act of 1990 ("ADA") as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C.A. §§ 12101 to 12213 (collectively, the "ADA") and for violations of Title VII of the Civil Rights Act of 1964 ("Title VII").

2.      In 2015, Defendant hired CHRISTOPHE as a Stock Associate because she was well qualified for the position and as result, she later became an A CAP Associate.  Despite CHRISTOPHE's ability to succeed at her position, CHRISTOPHE was retaliated against due to her disability and her race.  In 2020, CHRISTOPHE was terminated.  As a result, CHRISTOPHE has suffered significant emotional and monetary damages.

**JURISDICTION**

3.      Jurisdiction lies in this court pursuant to 28 U.S.C.A. § 1343(a)(3), 28 U.S.C.A. § 1343(a)(4) and 28 U.S.C.A. § 1331.

**VENUE**

4.      Venue is proper in the Fort Myers Division of the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2), because the events and omissions giving rise to the claims occurred in Fort Myers Beach, Florida.

5.      Plaintiff, who, at all relevant times, was employed by Defendant as an A CAP Associate, in Fort Myers Beach, Florida, when the cause of action accrued.

6.      Defendant at all material times, is and was an Arkansas Corporation doing business in Fort Myers Beach, Florida.  It was and is an "employer" as envisioned by the ADA.

**CONDITIONS PRECEDENT**

7.      On or about April 14, 2021, Plaintiff timely filed a charge of Discrimination and Retaliation against Defendant with the Equal Employment Opportunity Commission ("EEOC").

8.      On or about October 12, 2021, the EEOC issued Plaintiff a Dismissal and Notice of Right to Sue. This Complaint has been filed within ninety (90) days of receipt of that notice.

9.      All conditions precedent to the filing of this suit have been performed or have occurred.

**PARTIES**

10.     Plaintiff is a Haitian American woman who is domiciled in Lehigh Acres, Florida. Plaintiff is a citizen of the United States of America.

11.     Plaintiff was an employee, as defined by Title VII.

12.     Plaintiff was employed in Fort Myers Beach, Florida at the time the cause of action

accrued.

13.     Defendant is a person within the meaning of 42 U.S.C.A. § 2000e(a).

14.     Defendant is an employer within the meaning of 42 U.S.C.A. § 2000e(b) and as defined by Title VII.

## FACTS

15.     In or around 2015 Plaintiff began working for Defendant as a Stock Associate and at the time of her termination she was an A CAP Associate.

16.     Plaintiff is a Haitian American female.  Plaintiff's speaks Creole and English; however, English is her second language.

17.     Plaintiff's job responsibilities were to ensure that the shelves were stocked, and Defendant's customers received directives whenever they needed assistance while shopping.

18.     On or about May 5, 2020, Plaintiff, while working for Defendant, experienced a syncopal episode.  Afterward, medical examinations determined Plaintiff had to have cardiac surgery and cholecystectomy.

19.     Plaintiff is a qualified individual with a disability under the Americans with Disabilities Act of 1990, as amended.  As a result of Plaintiff's disability, major life activities, which includes but is not limited to her (her inability to work full-time and/or) ability to lift over Twenty-five (25) pounds that substantially limited her normal life activities.

20.     On or about June 24, 2020, Plaintiff communicated with her immediate Supervisor for the Defendant requesting reasonable accommodations while she underwent her medical treatments based on her doctor's recommendations.

21.     Plaintiff's immediate Supervisor for the Defendant was dismissive and advised that they would send her "something in the mail."

22.     Plaintiff received a letter from Defendant's Agent, Sedgwick Claims Management Services, Inc. (herein referred to as "SEDGWICK") and began communicating her medical treatments to SEDGWICK.

23.     Defendant advised Plaintiff that she could not return to work until she was medically released from her doctor.

24.     Once the Plaintiff received a medical release from her doctor, Plaintiff immediately contacted Defendant and was advised that she was terminated.

25.     Plaintiff believes she was retaliated against due to her race and disability.

26.     Plaintiff filed a complaint with Employment Equal Opportunity Commission ("EEOC") and Florida Commission on Human Relations.

**COUNT ONE**
**RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT 42 U.S.C. §§ 12181 et. seq.**

27.     Plaintiff realleges and adopts, all of the allegations in paragraphs 1 through 26, as though fully set forth herein.

28.     Plaintiff was qualified for her position when Defendant terminated her.

29.     In 2020, Plaintiff engaged in protected activity by notifying the Defendant of her disabilities and her request for reasonable accommodation.

30.     Plaintiff constantly communicated with Defendant's Agent, SEDGWICK regarding her ongoing medical treatments.

31.     After months of engaging in protected activity of reporting her medical conditions to the Defendant's Agent, Plaintiff was terminated.

32.     Defendant's alleged reason for terminating Plaintiff's employment is pretextual and baseless.  Defendant terminated Plaintiff because of her disabilities.

33.     Plaintiff suffered damages as a result of Defendant's unlawful retaliatory action, including but not limited to emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

34.     Defendant intentionally violated Plaintiff's rights under the ADA with malice or reckless indifference and, as a result, is liable for punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

a.  Accept jurisdiction over this matter;

b.  Award Plaintiff for her past and future loss of wages and benefits, plus interest;

c.  Award Plaintiff compensatory and punitive damages;

d.  Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and

e.  Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

**COUNT II**
**Retaliation in Violation of Title VII of the Civil Rights Act of 1964**
**(42 U.S.C. §§ 2000e et al.)**

35.     Plaintiff realleges and adopts, all of the allegations in paragraphs 1 through 25, as though fully set forth herein.

36.     Plaintiff was qualified for her position when Defendant was terminated.

37.     In 2020, Plaintiff engaged in protected activity by notifying the Defendant of her disabilities and her request for reasonable accommodation.

38.     After months of engaging in protected activity of reporting her medical conditions

to the Defendant's Agent, Plaintiff was terminated.

39.     Defendant's alleged reason for terminating Plaintiff's employment is pretextual and baseless.  Defendant terminated Plaintiff because of her race.

40.     Plaintiff suffered damages as a result of Defendant's unlawful retaliatory action, including but not limited to emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A.  Accept jurisdiction over this matter;

B.  Award Plaintiff for her past and future loss of wages and benefits, retirement benefits, plus interest;

C.  In lieu of reinstatement, award Plaintiff front pay (including benefits);

D.  Award to Plaintiff liquidated damages incurred in connection with this action, equal to the sum amount of backpay and interest;

E.  Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

F.  Award to Plaintiff compensatory damages;

G.  Award to Plaintiff punitive damages; and

H.  Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Dated: January 10, 2022

LIGHT PATH LAW, P.A.
3620 Colonial Blvd. #130
Fort Myers, FL 33966
Phone: (239) 689-8481
Fax: (239) 294-3930
kscott@lightpathlaw.com
dclark@lightpathlaw.com
cirick@lightpathlaw.com

By: _____
Kristie A. Scott
Florida Bar No. 108111
Danielle N. Clark
Florida Bar No. 1022298