UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LOUISE CHRISTOPHE,

    Plaintiff,

v.                                  Case No:  2:22-cv-017-JES-NPM

WALMART, INC. a/k/a WAL-MART
STORES EAST, LP,

    Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendant's Motion to Dismiss Plaintiff's Amended Complaint and Supporting Memorandum of Law (Doc. #14) filed on March 8, 2022. Plaintiff filed a Response in Opposition (Doc. #21) on March 29, 2022.  For the reasons set forth below, the motion is granted.

**I.**

**A. Factual Background**

Plaintiff Louise Christophe (Plaintiff) is a Haitian American woman who lives in Florida.  (Doc. #8, ¶ 10.) In 2015, defendant Walmart, Inc. a/k/a Wal-Mart Stores East, LP (Defendant or Walmart) hired Plaintiff as a "Stock Associate" in one of its stores located in Fort Myers Beach, Florida.  (Id., ¶¶ 2, 5, 12, 15.) Plaintiff was later promoted to an "A CAP Associate" position. (Id., ¶¶ 2, 15.) Plaintiff's job responsibilities included stocking store shelves and assisting customers.  (Id., ¶ 17.)

1

On or about May 5, 2020, Plaintiff experienced a "syncopal episode" while at work and was required to undergo a cholecystectomy and cardiac surgery. (Id., ¶ 18.) Plaintiff alleges that she is disabled, and is unable to work full-time and lift over 25 pounds, and that her normal life activities are substantially limited. (Id., ¶ 19.)

On or about June 24, 2020, Plaintiff informed her immediate supervisor at work that she needed reasonable accommodations while she underwent "medical treatments" as recommended by her doctor. (Id., ¶ 20.) Plaintiff's supervisor was "dismissive", but advised Plaintiff that she would receive "something in the mail." (Id., ¶ 21.)

At an unknown time, Plaintiff received a letter from Defendant's agent, Sedgwick Claims Management, Inc. (Sedgwick), with whom Plaintiff began communicating about her medical treatment. (Id., ¶ 22.) Defendant advised Plaintiff that she could not return to work until she was medically released by her doctor. (Id., ¶ 23.) However, upon being medically released and advising Defendant of the same, Plaintiff's employment was terminated in 2020. (Id., ¶ 24.)

**B. Procedural Background**

On January 10, 2022, Plaintiff initiated this lawsuit against Defendant. (Doc. #1.) On February 11, 2022, Plaintiff amended her Complaint which alleges that: (1) Defendant retaliated against

her due to her "disability" in violation of the American Disabilities Act of 1990 (ADA), as amended by the ADA Amendments Act of 2008 (ADAAA) (collectively the ADA), 42 U.S.C. § 12101 et seq. (Count I); and (2) Defendant retaliated against her because of "race" in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. (Count II). (Doc. #8.)  Plaintiff seeks past and future lost wages and benefits, along with other compensatory and punitive damages. (Id., pp. 5-6.)

Defendant urges the Court to dismiss both claims because they do not provide sufficient facts upon which Plaintiff may show she is entitled to relief pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. #14.) In Response, Plaintiff asserts that she has sufficiently alleged her ADA retaliation claim.  (Doc. #21, p. 2.) Plaintiff nevertheless concedes that her Title VII retaliation claim "could have better pled the elements." (Id., p. 3.) Plaintiff therefore does not oppose dismissal of Count II without prejudice, but she requests that the Court allow her to amend the Complaint. (Id.)  The Court therefore grants Defendant's motion to dismiss Count II **without prejudice**. Plaintiff will be provided an opportunity to amend her Complaint if she chooses to do so.

Defendant's arguments as to Count I are addressed below.

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing

3

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).  To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also, Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted).  Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations,

4

a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

**A. Count I — Retaliation In Violation of the ADA**

Count I of the Amended Complaint alleges that Defendant violated the ADA when it retaliated against Plaintiff "due to her race and disability," and by terminating her employment "because of her disabilities." (Doc. #8, ¶¶ 25, 32.)

The ADA prohibits covered employers from retaliating against an employee who "has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act." 42 U.S.C. § 12203(a). To establish a prima facie ADA retaliation claim, Plaintiff must allege (1) that she engaged in a statutorily protected activity or expression, (2) that she suffered an adverse employment action, and (3) a causal connection between the protected acts and the adverse employment action. See Batson v. Salvation Army, 897 F.3d 1320, 1327 (11th Cir. 2018); see also Albra v. City of Fort Lauderdale, 232 F. App'x 885, 891 (11th Cir. 2007). "The failure to satisfy any of these elements is fatal to a complaint of retaliation." Higdon v. Jackson, 393 F.3d 1211, 1219 (11th Cir. 2004).

Defendant contends that Plaintiff has not sufficiently alleged the first and third elements of her retaliation claim. (Doc. #14, pp. 5-6.)

**(1)  Engaging In Protected Activity**

Defendant argues that the Amended Complaint fails to state any facts showing that Plaintiff engaged in protected activity under the ADA.  In particular, Defendant asserts there are no allegations demonstrating that Plaintiff made any complaint or participated in a complaint against Defendant about any employment practice protected under the Act. (Doc. #14, p. 4.)  Plaintiff responds that she satisfied the first element based on her allegation that she "engaged in protected activity by notifying Defendant of her disabilities and her request for a reasonable accommodation." (Doc. #21, ¶ 29.)

A plaintiff's request for a reasonable accommodation under the ADA constitutes protected activity. See, e.g., Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1261 (11th Cir. 2001)); Siudock v. Volusia Cnty. Sch. Bd., No. 12-CV-503, 2013 U.S. Dist. LEXIS 167474, 2013 WL 6187537, at *16 (M.D. Fla. Nov. 25, 2013) aff'd, 568 F. App'x 659, 2014 WL 2463009 (11th Cir. 2014); Phillips v. Harbor Venice Mgmt., LLC, No. 8:19-cv-2379-T-33TGW, 2020 U.S. Dist. LEXIS 15061, at *10-11 (M.D. Fla. Jan. 30, 2020) (a request for reasonable accommodation under the ADA may constitute statutorily protected activity if the plaintiff can show that she

6

had a good faith, objectively reasonable belief that she was entitled to such accommodations under the ADA). Accordingly, Plaintiff has sufficiently pled she engaged in protected activity when she requested a reasonable accommodation.

### (2) Causal Nexus Between Protected Activity and Adverse Employment Action

Defendant also argues that even if Plaintiff engaged in protected activity, the Amended Complaint fails to allege that Plaintiff was terminated because she engaged in protected activity. (Doc. #14, p. 5.)  Defendant therefore asserts that Plaintiff cannot prove the third element of her ADA retaliation claim. (Id., pp. 5-6.)  The Court agrees.

Plaintiff alleges that she was retaliated against due to her "race and disability," and was terminated "because of her disabilities," not because she engaged in any alleged protected activity. "[D]iscrimination on the basis of disability is different from retaliation on the basis of opposing unlawful practices or filing a charge against the employer." Calvo v. Walgreens Corp., 340 F. App'x 618, 625 (11th Cir. 2009). See also CBOCS W., Inc. v. Humphries, 553 U.S. 442, 462, 128 S. Ct. 1951, 1964 (2008) ("status-based discrimination and conduct-based retaliation are distinct harms").  Even viewing the allegations in the light most favorable to Plaintiff, the absence of a causal

7

connection between Plaintiff's protected activity and her termination is fatal to her claim. See Higdon, 393 F.3d at 1219.

To the extent Plaintiff alleges that she was retaliated against due to her race in violation of the ADA, this claim is also due to be dismissed as it is not covered by the ADA. Satchel v. Sch. Bd., No. 8:05-cv-2239-T-24 TBM, 2006 U.S. Dist. LEXIS 60345, at *20 (M.D. Fla. Aug. 25, 2006) (finding that only disability retaliation claims would be brought pursuant to the ADA). Accordingly, Defendant's motion to dismiss Count I of the Amended Complaint is granted.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. #14) is **GRANTED.**
2. Plaintiff's Amended Complaint (Doc. #8) is **DISMISSED without prejudice.**
3. Plaintiff may file a Second Amended Complaint within **FOURTEEN (14) days** of this Opinion and Order if she chooses to do so.

8

**DONE AND ORDERED** at Fort Myers, Florida, this ___12th___ day of April, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record